Slip Op. 19-131

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CSC SUGAR LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>                Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 17-00214 |

**OPINION**

[Granting Plaintiff's Motion for Judgment on the Agency Record]

Dated: October 18, 2019

    Jeffrey S. Neeley and Michael Klebanov, Husch Blackwell, LLP, of Washington, DC for Plaintiff CSC Sugar LLC.

    Alexander O. Canizares, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC for Defendant United States. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Brandon Custard, Attorney, U.S. Department of Commerce, Office of the Chief Counsel for Trade Enforcement and Compliance of Washington, DC.

    Robert C. Cassidy, Jr., Charles S. Levy, James R. Cannon, Jr., and Jonathan M. Zielinski, Cassidy Levy Kent (USA) LLP, of Washington, DC for Defendant-Intervenors the American Sugar Coalition, American Sugar Cane League, American Sugarbeet Growers Association, American Sugar Refining, Inc., Florida Sugar Cane League, Rio Grande Valley Sugar Growers, Inc., Sugar Cane Growers Cooperative of Florida, and the United States Beet Sugar Association.

    Irwin P. Altschuler, Rosa S. Jeong, and Daniel E. Parga, Greenberg Traurig, LLP, of Washington, DC for Defendant-Intervenor Cámara Nacional de Las Industrias Azucarera y Alcoholera.

    Gregory J. Spak, Kristina Zissis, and Ron Kendler, White and Case LLP, of Washington, DC for Defendant-Intervenor Imperial Sugar Company.

<u>Stephan E. Becker</u>, <u>Moushami P. Joshi</u>, and <u>Sahar J. Hafeez</u>, Pillsbury Winthrop Shaw Pittman, LLP, of Washington, DC for Defendant-Intervenor Government of Mexico.

Gordon, Judge: This action involves a challenge to the U.S. Department of Commerce's ("Commerce") determination to amend the suspension agreement regarding the countervailing duty ("CVD") investigation on sugar from Mexico. See <u>Sugar from Mexico</u>, 82 Fed. Reg. 31,942, PD 95[1] (Dep't of Commerce July 11, 2017) (amendment to CVD Suspension Agreement) ("<u>CVD Amendment</u>").[2]

Before the court is the motion of Plaintiff CSC Sugar LLC ("Plaintiff" or "CSC Sugar") for judgment on the agency record under USCIT Rule 56.2. See Pl.'s Mot. for J. on the Agency R., ECF No. 85[3] ("Pl.'s Mot."); see also Def.'s Resp. to Pl.'s Mot. for J. on the Agency R., ECF No. 101 ("Def.'s Resp."); Def.-Intervenor Gov't of Mexico Resp. Opp. Pl.'s Mot. for J. on the Agency R., ECF No. 95 ("GOM Resp."); Def.-Intervenor Cámara Nacional de Las Industrias Azucarera y Alcoholera Resp. Opp. Pl.'s Mot. for J. on the Agency R., ECF No. 96 ("Cámara Resp."); Def.-Intervenors American Sugar Coalition, American Sugar Cane League, American Sugarbeet Growers Association, American Sugar Refining, Inc., Florida Sugar Cane League, Rio Grande Valley Sugar Growers, Inc.,

---

[1] "PD ___" refers to a document contained in the public administrative record, which is found in ECF Nos. 33-1 and 67–71 unless otherwise noted. "CD ___" refers to a document contained in the confidential administrative record, which is found in ECF Nos. 33-2, 72, and 74 unless otherwise noted.

[2] CSC Sugar also filed a parallel action, Court No. 17-00215, challenging Commerce's amendment to the Antidumping Duty ("AD") Suspension Agreement, which is addressed in this Court's decision, Slip Op. 19-132, also issued this date.

[3] All citations to parties' briefs and the agency record are to their confidential versions unless otherwise noted.

Sugar Cane Growers Cooperative of Florida, and the United States Beet Sugar Association's Resp. Opp. Pl.'s Mot. for J. on the Agency R., ECF No. 99 ("ASC Resp."); Pl.'s Reply in Supp. Of Mot. for J. on the Agency R., ECF No. 104 ("Pl.'s Reply"). The court has jurisdiction over this matter pursuant to § 516A(a)(2)(B)(iv) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iv),[4] and 28 U.S.C. § 1581(1)(c) (2012). For the reasons set forth below, the court grants Plaintiff's motion.

## I. Background

In 2014, after the American Sugar Coalition and its members (collectively, "ASC"), filed a petition with Commerce and the U.S. International Trade Commission ("ITC"), the agencies conducted an investigation as to whether imports of sugar from Mexico were being subsidized, and whether such imports were injurious to the U.S. industry. After Commerce issued a preliminary determination that countervailable subsidies were being supplied, Commerce and the Government of Mexico negotiated and signed a suspension agreement. See Sugar From Mexico: Suspension of Countervailing Duty Investigation, 79 Fed. Reg. 78,044 (Dep't of Commerce Dec. 29, 2014) ("CVD Agreement").

In 2017, Commerce and the Government of Mexico negotiated amendments to the suspension agreement. See CVD Amendment. Among other changes, this amendment altered the definition of "refined sugar" in the CVD Agreement. See id. (amending definition of "refined sugar" to consist of sugar with a polarity 99.2 degrees and above, instead of 99.5 degrees polarity and above). In response, CSC Sugar commenced this

---

[4] Further citations to the Tariff Act of 1930, as amended, are to relevant provisions of Title 19 of the U.S. Code, 2012 edition.

action. See Compl., ECF No. 11.  After Commerce filed the administrative record pursuant to 19 U.S.C. § 1516a(b)(2)(A)(i) and USCIT Rule 73.2(a), CSC Sugar contended that Commerce did not meet its obligation to file a complete administrative record. See Pl.'s Mot. to Complete Admin. R., ECF Nos. 36 & 37. Specifically, CSC Sugar argued that Commerce failed to memorialize and include in the record ex parte communications between Commerce officials and interested parties (including the domestic sugar industry and representatives of Mexico) as required by 19 U.S.C. § 1677f(a)(3). Id.

The court agreed and ordered Commerce to supplement the administrative record with any ex parte meetings about the CVD Amendment. See CSC Sugar LLC v. United States, 42 CIT ___, ___, 317 F. Supp. 3d 1322, 1326 (2018) ("CSC Sugar I"). Commerce then supplemented the administrative record with two logs. The first, a "Consultations Log," documented the ex parte meetings that were held or may have been held in relation to the CVD Agreement Amendment. See Consultations Log, ECF No. 67-1. The second was an "Email Log" that included email correspondence, with attached documents, between interested parties and Commerce. See Email Log, ECF No. 67-2. CSC Sugar subsequently filed a motion for judgment on the agency record under USCIT Rule 56.2 arguing that Commerce's failure during the suspension amendment negotiations to maintain contemporaneous ex parte meeting memoranda (pursuant to § 1677f(a)(3)) could not be adequately remedied by the Government's belated and incomplete supplementation of the record. See Pl.'s Mot. CSC Sugar maintains that the only adequate remedy to address Commerce's willful disregard of its statutory obligations is to vacate the CVD Amendment. Id. at 23–29.

## II. Standard of Review

The court sustains Commerce's "determinations, findings, or conclusions" unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C § 1516a(b)(1)(B)(i). More specifically, when reviewing agency determinations, findings or conclusions for substantial evidence, the court assesses whether the agency action is reasonable given the record as a whole. Nippon Steel Corp v. United States, 458 F.3d 1345, 1350–51 (Fed. Cir. 2006). Substantial evidence has been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." DuPont Teijin Films USA v. United States, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence has also been described as "something less than the weight of evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966). Fundamentally, though, "substantial evidence" is best understood as a word formula connoting a reasonableness review. 3 Charles H. Koch, Jr., Administrative Law and Practice § 9.24[1] (3d ed. 2019). Therefore, when addressing a substantial evidence issue raised by a party, the court analyzes whether the challenged agency action "was reasonable given the circumstances presented by the whole record." 8A West's Fed. Forms, National Courts § 3.6 (5th ed. 2019).

The court does not set aside agency action for procedural errors unless the error is prejudicial to the party seeking to have the action set aside. See Sea-Land Serv. Inc.,

v. United States, 14 CIT 253, 257, 735 F. Supp 1059, 1063 (1990)), aff'd and adopted, 923 F.2d 838 (Fed. Cir. 1991). However, in circumstances where the administrative record "looks complete on its face and appears to support the decision of the agency but there is a subsequent showing of impropriety in the process, that impropriety creates an appearance of irregularity which the agency must then show to be harmless." See Portland Audubon Soc. v. Endangered Species Comm., 984 F.2d 1534, 1548 (9th Cir. 1993) (addressing application of the Administrative Procedure Act to executive agency's failure to document prohibited ex parte communications).

### III. Discussion

In CSC Sugar I, the court held that 19 U.S.C. § 1516a(b)(2)(A)(i) unambiguously required that "all information presented to or obtained by" Commerce in the course of reaching its CVD Amendment determination be provided to the court in order to review CSC Sugar's challenge to that determination. See 42 CIT at ___, 317 F. Supp. 3d at 1332. The court therefore ordered the Government to comply with §§ 1516a(b)(2) and 1677f(a)(3) and to supplement the record with the memoranda summarizing "any ex parte meetings about the CVD Amendment." Id. 42 CIT at ___, 317 F. Supp. 3d at 1332–33. Commerce then supplemented the administrative record with the Consultations and Email Logs that attempted to provide detail as to Commerce's ex parte communications with interested parties during the CVD Amendment negotiations.

The question the court must now address is whether CSC Sugar is entitled to have the CVD Amendment vacated given that Commerce did not and cannot provide contemporaneous memoranda of its ex parte meetings during the negotiation of the CVD

Amendment as required under § 1677f(a)(3). Plaintiff contends that "[b]ecause the relevant statutes and regulation are 'intended to provide important procedural benefits,' the court must vacate the [CVD Amendment] unless Commerce shows its error was harmless." See Pl.'s Mot. at 23–25 (relying on Guangdong Chemicals Imp. & Exp. Corp. v. United States, 30 CIT 85, 414 F. Supp. 2d 1300 (2006), and Portland Audubon Soc. v. Endangered Species Comm., 984 F.2d 1534 (9th Cir. 1993)). CSC Sugar further argues that Commerce's violations of §§ 1516a(b)(2)(A)(i) and 1677f(a)(3), as well as 19 C.F.R. § 351.104, constituted prejudicial error as Commerce's recordkeeping failures "foreclosed any opportunity [for CSC Sugar] to inspect or comment on those memoranda." Id. at 27.

The Government admits that the record in this matter remains incomplete because "preparing ex parte memoranda documenting meetings a year or two after the fact would have been extremely difficult, if not impossible." See Def.'s Resp. at 8. Nevertheless, the Government maintains that the record as amended presents a "fulsome review of Commerce's negotiation of the CVD Amendment." See id. The Government therefore contends that "the amended record allows for effective judicial review of the merits of Commerce's determination and complies with 19 U.S.C. § 1677f(a)(3)." Id. at 10. The Government further argues that Plaintiff misstates the proper burden of proof. The Government maintains that even if the record as amended is not complete, CSC Sugar is not entitled to any further relief absent a demonstration of "substantial prejudice" resulting from Commerce's failure to adhere to the recordkeeping requirements of § 1677f(a)(3). See Def.'s Resp. at 10–28 (citing Suntec Indus. Co. v. United States, 857

F.3d 1363 (Fed. Cir. 2017) ("Suntec III") and PAM, S.p.A. v. United States, 463 F.3d 1345 (Fed. Cir. 2006)).

19 U.S.C. § 1677f does not specify a particular remedy for the violation of its provisions. The parties agree that Commerce's failure to document its ex parte meetings during the negotiation of the CVD Amendment should be viewed as a procedural failure on the part of the agency. See Pl.'s Mot. at 23 ("Separately and together, § 1516a(b)(2)(A)(i), § 1677f(a)(3), and 19 C.F.R. § 351.104 are intended to provide important procedural benefits." (internal citation and quotation marks omitted)); Def.'s Resp. at 3–7 (emphasizing that Plaintiff's Rule 56.2 motion hinges on allegations of "procedural error"). However, the parties disagree as to the proper legal framework that should govern the court's analysis of what remedy, if any, Plaintiff may be entitled to obtain for Commerce's recordkeeping failure. It is for the court to determine the consequence, if any, of an agency's procedural errors by applying principles of "harmless error" or the "rule of prejudicial error." See Intercargo Ins. Co. v. United States, 83 F.3d 391, 394 (Fed. Cir. 1996) ("It is well settled that principles of harmless error apply to the review of agency proceedings."); see also 5 U.S.C. § 706 (judicial review of agency action is conducted with "due account ... of the rule of prejudicial error").  Whether an error is prejudicial or harmless depends on the facts of a given case. See Shinseki v. Sanders, 556 U.S. 396, 407–08 (2009) (finding that courts are to determine whether an agency error is harmless by "case-specific application of judgment, based upon examination of the record").

Defendant maintains that CSC Sugar has the burden of demonstrating that it suffered "substantial prejudice" from Commerce's recordkeeping errors pursuant to guidance from the U.S. Court of Appeals for the Federal Circuit in Suntec III and PAM, S.p.A. v. United States. However, as Plaintiff rightfully points out, those decisions both concerned "the requirement to show substantial prejudice of a notice defect." See Suntec III, 857 F.3d at 1369 (emphasis added); see also Pl.'s Reply at 8–10, 19 (distinguishing the facts of the present action from the decisions on which Defendant relies that involve "technical failures" or defects of "mere 'notice or service requirements'"). This matter involves Commerce's failure to maintain a complete record as required by the statute and its own regulations, and the court agrees with Plaintiff that such issues involved important procedural benefits that go beyond mere technical notice defects. Instead, this matter is similar to circumstances addressed by the U.S. Court of Appeals for the Ninth Circuit in Portland Audubon Soc. v. Endangered Species Comm., 984 F.2d 1534 (9th Cir. 1993).

In Audubon, environmental group plaintiffs challenged an administrative decision of the Endangered Species Committee and argued that the committee had engaged in undocumented ex parte meetings and communications with the White House in reaching the contested determination. See Audubon, 984 F.2d at 1536–37. There, the Ninth Circuit held that the record must be supplemented and that plaintiffs were entitled to a remand of the contested decision to the committee for a hearing before an ALJ "to determine the nature, content, extent, source, and effect of any ex parte communications that may have transpired." Id. at 1549. As the court explained,

> If the record is not complete, then the requirement that the agency decision be supported by 'the record' becomes almost meaningless. Indeed, where the so-called 'record' looks complete on its face and appears to support the decision of the agency but there is a subsequent showing of impropriety in the process, that impropriety creates an appearance of irregularity which the agency must then show to be harmless.

Id. at 1548 (internal citations omitted).

Although Defendant contends that CSC Sugar was not prejudiced because it "actively participated in the administrative proceeding," Defendant fails to address the fact that Commerce's complete failure to follow § 1677f effectively prevented CSC Sugar from commenting on the ex parte materials and discussions Commerce engaged in during the CVD Amendment negotiations. See Def.'s Resp. at 10–16. Similarly, Defendant maintains that CSC Sugar did not suffer substantial prejudice because CSC Sugar cannot demonstrate that Commerce's decision would have been different but for Commerce's failure to maintain and provide contemporaneous ex parte memoranda. See id. at 26–28. Defendant's argument requires the court to presume, without basis, that any response CSC Sugar may have had to other interested parties' ex parte communications with Commerce during the CVD Amendment negotiations would have been meritless and futile. By violating § 1677f(a)(3) when it failed to contemporaneously memorialize ex parte meetings, and by violating § 1516a(b)(2)(A)(i) and 19 C.F.R. § 351.104 when it failed to maintain and provide a complete administrative record, Commerce foreclosed any opportunity for Plaintiff to inspect or comment on those memoranda.

Court No. 17-00214                                                                                                              Page 11

The court has previously explained why Commerce's failure to timely maintain ex parte memoranda during the administrative proceeding violates the statutory protections and purpose of § 1677f(a)(3) and prejudices interested parties:

> Whether or not information is in the record via the petition or otherwise, Commerce is not entitled to choose which covered ex parte meetings it will memorialize, based on its own identification of redundancies. Parties are entitled to know when and how information was conveyed; they should not have to rely on subtle judgments by Commerce officials or employees about whether factual information is important, is already in the record in some other form, or is even useful to the agency or to the parties. All Commerce was required to do was to have timely memoranda drafted and filed so that parties could review them at some useful point during the proceeding. Placing a few very summary memoranda on the record after all decision-making is complete is useless and disrespectful of the administrative process, as well as violative of the statute. By requiring that the memoranda be available for 'inspection,' the statute requires that the parties to the proceeding be able to inspect the memoranda so that they may comment on the factual data contained therein or ask for more detailed memoranda, if those placed on the record are not informative. See Wieland–Werke AG v. United States, 22 CIT 129, 134–35, 4 F. Supp. 2d 1207, 1212–13 (1998) (parties must be allowed to comment on information obtained by Commerce). See also 19 U.S.C. § 1677m(g) (requiring "opportunity to comment on the information obtained by the administrative authority"). Commerce's disregard as to timing does not serve procedural due process or the goal of transparency, as required by the statute.

Nippon Steel Corp. v. United States, 24 CIT 1158, 118 F. Supp. 2d 1366, 1373–74 (2000).[5] For these reasons, the court concludes (1) that Commerce's failure to follow the

---

[5] The court in Nippon Steel Corp. ultimately concluded that Commerce's failure to memorialize the submission of information ex parte was "harmless" in the specific circumstances presented there because the aggrieved respondent had prevailed on the relevant final determination. See Nippon Steel Corp., 24 CIT 1158, 118 F. Supp. 2d

recordkeeping requirements of § 1677f(a)(3) cannot be described as "harmless" and (2) that the agency's recordkeeping failure substantially prejudiced Plaintiff. Therefore, the CVD Amendment must be vacated.

### IV. Conclusion

Based on the foregoing, the court grants Plaintiff's USCIT Rule 56.2 motion for judgment on the agency record. Judgment will be entered accordingly.

                                                  /s/ Leo M. Gordon
                                           Judge Leo M. Gordon

Dated: October 18, 2019
      New York, New York

---

at 1374 & n.7 ("The court, however, will not vacate the final determination and subsequent order based on Commerce's error, as requested by NSC. It is likely that in this case the error that is obvious was harmless…. The final critical circumstances decision was in NSC's favor."). Here, the court cannot similarly conclude that Commerce's failure to timely maintain ex parte memoranda on the record pursuant to § 1677f(a)(3) was harmless. Cf. Mid Continent Nail Corp. v. United States, 846 F.3d 1364, 1384–85 (Fed. Cir. 2017) (explaining that where an agency's procedural error affects the record and leaves "uncertainty" as to whether any prejudice occurred, court will refuse to find that error to be harmless).